IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>        Plaintiff,<br><br>vs.<br><br>LOHAUS, Judge County Court; FLYNN, Deputy Sheriff Douglas County; and ETTA GRAVES, Deputy Clerk County Court Nebraska;<br><br>        Defendants. | 8:17CV12<br><br>MEMORANDUM<br>AND ORDER |

      Plaintiff filed his Complaint on January 5, 2017. (Filing No. 1.) He has been granted leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

      Plaintiff alleges that Defendant Lohaus, a county court judge, threatened him with jail in Douglas County Court Case No. CR14-24620. (Filing No. 1 at CM/ECF p. 2.) He alleges that she told him that she would have Defendant Flynn, a deputy sheriff, arrest him if he did not pay $149 in fines/costs or sign up for the Offender Work Program. (*Id*.) He states that he explained his medical history of coronary heart disease to her, and Lohaus insisted that he is not a "pauper." (*Id*.) Plaintiff signed up for the Offender Work Program, as evidenced by the form that he attached to his Complaint. (*Id*. at CM/ECF p. 7.) Plaintiff agreed to work one day per week until the entire amount of his fines/costs is satisfied or paid. (*Id*.) Each day worked equates to $90.00 of fine cost. (*Id*.) Plaintiff can pay the amount

owed at any time to avoid the work requirement. (*Id.*) Plaintiff's failure to comply will result in jail time. (*Id.*)

Plaintiff alleges that he filed an appeal of Lohaus' order, but Defendant Graves, a deputy clerk, would not process his appeal without an order granting him leave to proceed in forma pauperis. (*Id.* at CM/ECF p. 3.)[1] Plaintiff seeks one million dollars in damages. (*Id.* at CM/ECF p. 4.) He also wants this court to direct Graves to transmit his appeal and to enjoin the State from attempting to jail him for not paying his fines/costs when he is poor. (*Id.*) He claims that he is being subjected to an illegal "debtor's prison," in violation of *Tate v. Short*, 401 U.S. 395 (1971). (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

---

[1] PDF of JUSTICE document for Tyler, Billy R., Douglas County Court Case No. CR14-24620; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Plaintiff's county court case is currently on appeal to the Douglas County District Court. Therefore, the clerk must have transmitted it.

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A.** *Rooker-Feldman* **Doctrine**

To the extent Plaintiff's Complaint can be construed to challenge a judgment of the Douglas County Court, this court lacks jurisdiction. Only the Supreme Court has the authority to entertain a proceeding to reverse or modify a state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also* 28 U.S.C. § 1257(a) (granting the United States Supreme Court the power to review final judgments rendered by high courts of a state). In addition, federal courts do not have jurisdiction to review final state court judgments in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Together, these two principles have merged to become the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine stands for the proposition that federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions. *See Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (explaining limited scope of the *Rooker-Feldman* doctrine); *see e.g.*, *Ballinger v. Culotta*, 322 F.3d 546, 548-49

3

(8th Cir. 2003) (concluding *Rooker-Feldman* doctrine barred the district court from considering plaintiff's claim that the state court unconstitutionally infringed on his parental rights); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought"). It is not possible for the court to grant the requested relief without disrupting the judicial process of the Douglas County Court.

### B. *Younger* Abstention

The court, nevertheless, would abstain from exercising jurisdiction over Plaintiff's claims for injunctive relief under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.") Here, each of the three *Younger* conditions is satisfied. First, the state proceeding in the Douglas County Court, and the appeal therefrom, are ongoing. Second, disputes concerning the state's power to enforce criminal judgments implicate important state interests. Third, there is no indication that the state courts cannot afford Plaintiff the opportunity for judicial review of any civil rights challenges.

### C. Failure to State a Claim

Finally, in any event, Plaintiff's Complaint fails to state a claim upon which relief may be granted. The U.S. Supreme Court has held:

4

> 'The State is not powerless to enforce judgments against those financially unable to pay a fine; indeed, a different result would amount to inverse discrimination since it would enable an indigent to avoid both the fine and imprisonment for nonpayment whereas other defendants must always suffer one or the other conviction.
>
> 'It is unnecessary for us to canvass the numerous alternatives to which the State by legislative enactment—or judges within the scope of their authority—may resort in order to avoid imprisoning an indigent beyond the statutory maximum for involuntary nonpayment of a fine or court costs. Appellant has suggested several plans, some of which are already utilized in some States, while others resemble those proposed by various studies. The State is free to choose from among the variety of solutions already proposed and, of course, it may devise new ones.'

*Tate v. Short*, 401 U.S. 395, 399-400 (1971) (quoting *Williams v. Illinois*, 399 U.S. 235, 244-45 (1970)). The State of Nebraska has instituted an Offender Work Program as an alternative to enforce judgments against offenders who are unable to pay their fines or costs. It is not unconstitutional to do so. Plaintiff does not allege that he has made reasonable efforts to work the minimal two days – one day per week – to satisfy his fines/costs. *Id*. at 400-01 ("Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means.").

Because an amendment to Plaintiff's Complaint would be futile, the court will dismiss this action because Plaintiff may not use this lawsuit to interfere with actions that have been decided or are pending in a state court criminal case.

IT IS THEREFORE ORDERED that:

1. For the reasons stated above, this action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 17th day of March, 2017.

                                            BY THE COURT:

                                            s/ *Richard G. Kopf*
                                            Senior United States District Judge